IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HAYDEN CATHOLIC HIGH SCHOOL | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| KEITH FRANK BELL, | ) | **FOR DECLARATORY JUDGMENT** |
| | ) | **AND DEMAND FOR JURY TRIAL** |
| Defendant | ) | |

Plaintiff Hayden Catholic High School ("Hayden Catholic") states the following claim for declaratory judgment against Defendant Keith Frank Bell ("Defendant").

**PARTIES**

1. Plaintiff Hayden Catholic is a § 501(c)(3) corporation located at 401 SW Gage Boulevard, Topeka, Kansas.  Hayden Catholic provides an education founded on the Gospel, with a rigorous curriculum that prepares students for college while at the same time helping students see faith lived out beyond the walls of the school.

2. On information and belief, Defendant is an individual who is domiciled in and is a citizen of the State of Texas.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

1

4. This Court has personal jurisdiction over Defendant because he is amenable to service of process pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure and/or the Kansas Long Arm Statute, K.S.A. 60-308, due to the fact that Defendant has sufficient minimum contacts with Kansas that would support jurisdiction consistent with the constitutions of the United States and the State of Kansas. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) (Gorsuch, J.).

5. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. §§ 1391(b)(2), (3).

## STATEMENT OF FACTS

### The Christmas Eve Cease-and-Desist Letter

6. On Christmas Eve, December 24, 2018, Defendant emailed a cease-and-desist letter to Shelly Buhler, President of Hayden Catholic, claiming that Hayden Catholic had infringed upon Defendant's copyright and trademark property rights. *See* Ex. 1, attached hereto.

7. Defendant claimed that he is the legitimate owner of two copyrights and one trademark registration for the work and mark "Winning Isn't Normal." *See* Exhibits A, C, and D to Exhibit 1.

8. Defendant claimed that on February 4, 2016, Hayden Catholic infringed one of his copyrights via a tweet posted on the Twitter feed of the Hayden Catholic boys' basketball team. He claimed another act of infringement when the Hayden Catholic girls' basketball twitter feed retweeted the same post on the same day. *See* Exhibits E and F to Exhibit 1.

9. As of February 4, 2016, the tweet from the boys' twitter feed had accumulated 1 "like" and had been re-tweeted once. Defendant claimed that the two tweets "were directly distributed to at least 756 of [Hayden Catholic]'s social media followers **and was [sic] made**

**available to near seven billion, (and rapidly growing) households with access to the Internet."** Exhibit 1 at page 2 (emphasis added). Defendant warned that under the law, he could sue Hayden Catholic and allegedly could "elect to obtain statutory damages of up to **$30,000.00** for each infringement or up to **$150,000.00** for each willful infringement," and that "Courts have typically enhanced damages 2-6 times for willful infringement." *Id.* (emphasis in original). In so doing, Defendant intended to threaten serious financial and reputational harm to Hayden Catholic.

10. The Hayden Catholic boys' basketball twitter account no longer exists. The Hayden Catholic girls' basketball twitter account has 417 followers as of the date of this filing.

11. Defendant claimed that he "would like to resolve this matter amicably without the necessity of turning this matter over to [his] attorney and resorting to litigation." *Id.* at 3. As such, Defendant demanded that Hayden Catholic take certain actions, including payment of either $17,500 or $14,500 by January 11, 2019. *Id.* at 3-4.

12. Defendant stated he was "prepared to take aggressive legal action to protect my *Winning Isn't Normal* copyright and trademark. If you do not take the steps enumerated above by **January 11, 2019**, I shall be forced to seek all remedies provided by law, including injunctions; actual damages; statutory damages; full costs; and reasonable attorneys' fees." *Id.* at 4.

## Settlement Negotiations

13. After receipt of Defendant's letter, Hayden Catholic's counsel began negotiating in good faith to resolve Defendant's allegations without the need to resort to litigation.

14. Defendant alleged to Hayden Catholic's counsel that he had lost "over a hundred million dollars" over the years as a result of people infringing the copyrights at issue.

15. Hayden Catholic's counsel informed Defendant that any allegedly infringing use by Hayden Catholic is absolved by a fair use defense under 17 U.S.C. § 107. Accordingly, Defendant threatened financial and reputational harm to Hayden Catholic on the basis of an erroneous copyright claim, where Defendant was well aware of Hayden Catholic's lawful tweets in light of the fair use doctrine.

16. Hayden Catholic counsel and Defendant continued to correspond via email and telephone, but no agreement could be reached. Although Defendant's emails and statements were confusing and contradictory, Hayden Catholic understood Defendant's final offer of settlement to have been for alleged damages in the amount of $12,500, which offer would expire on March 12, 2019.

17. Hayden Catholic rejected the $12,500 offer. Defendant responded, "Okay, please let your client know we will see them in court."

## Fair Use

18. Hayden Catholic's alleged use of Defendant's copyrighted material (assuming but neither alleging nor admitting that such copyright is valid) was de minimis and transformative, in that the accused Twitter feeds added commentary and are part of the larger work of the Twitter feeds, which are for school-related purposes such as communication and encouragement among the Hayden Catholic basketball teams' players and people close to them, such as the student-athletes' families.

19. As noted above, Hayden Catholic is a non-profit corporation and religion-based high school. Hayden Catholic's alleged infringement of Defendant's copyright (assuming but neither alleging nor admitting that such copyright is valid) was for a nonprofit purpose, and neither basketball team's Twitter account is a commercial enterprise. Hayden Catholic does not


profit on boys and girls basketball; rather, both athletic programs are significant expenses incurred for the development of Hayden Catholic's students. The Twitter accounts are communication and education mechanisms, intended to encourage and support the development of student-athletes.

20. Defendant's "Winning Isn't Normal" allegedly copyrighted phrase or excerpt is available for free in many locations, including in the sample pages located at the following webpage:

https://www.amazon.com/Winning-Isnt-Normal%C2%AE-ebook/dp/B00QB7FAKG/ref=tmm_kin_swatch_0?_encoding=UTF8&qid=&sr= (last visited March 13, 2019), where the book is sold:



21. After clicking on the "Look inside" feature on the Amazon.com webpage, the following part of a larger sample is available for viewing by anyone who shops at Amazon:



22. Hayden Catholic's tweets, which are not identical to the excerpt in Defendant's book, would comprise only a small part of Defendant's book, and do not even include all of the words that are available for free on Amazon.com, above. The tweets incorporate an image of an altered portion of the "Winning Isn't Normal" section in the introduction of Defendant's book, on a wrinkled piece of computer paper.

23. Hayden Catholic's tweets could not impact the market for the original book, as the same excerpt is publicly available to read even at the very place the book is sold. It could hardly be said therefore that making the excerpt publicly viewable will adversely impact the market for the book or Defendant's other products for sale; on the contrary, Defendant has apparently decided that showing prospective buyers the excerpt and much more will actually encourage purchase.

24. Although Hayden Catholic does not admit to any infringing activity, after receipt of Defendant's letter, Hayden Catholic removed the two tweets from the boys' and girls' basketball team Twitter feeds, each of which could only have been seen by a few hundred followers at the most.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

25. Hayden Catholic incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

26. The dispute between Hayden Catholic and Defendant is an "actual controversy within [this] jurisdiction," which creates a remedy such that this Court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). *See* Fed. R. Civ. P. 57.

27. To resolve the legal and factual questions raised by Defendant, and to afford relief from the uncertainty and controversy that Defendant's assertions have precipitated, Hayden Catholic is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-02.

28. Hayden Catholic therefore seeks a declaratory judgment stating as follows:

   a. Hayden Catholic is not liable for infringement of any of Defendant's intellectual property rights, including copyright infringement;

   b. If Hayden Catholic were to be found to have copied a substantial portion of any of Defendant's valid copyrighted material, such use is a permissible, non-infringing fair use; and

   c. Hayden Catholic owes nothing to Defendant for any reason, whether in response to an allegation of damages or a demand for attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Hayden Catholic prays for the following relief and requests that this Court enter judgment in favor of Hayden Catholic and against Defendant by:

   A. Entering declaratory judgment stating as follows:

1. Hayden Catholic is not liable for infringement of any of Defendant's intellectual property rights, including copyright infringement;

2. If Hayden Catholic were to be found to have copied a substantial portion of any of Defendant's valid copyrighted material, such use is a permissible, non-infringing fair use; and

3. Hayden Catholic owes nothing to Defendant for any reason, whether an allegation of damages or a demand for attorney fees and costs.

B. Awarding Hayden Catholic costs, fees, and reasonable attorney fees, as allowed by law; and

C. Awarding Hayden Catholic such further legal or equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Hayden Catholic hereby demands a jury trial on all matters so triable.

Dated this 13th day of March, 2019.

        Respectfully submitted,

        **KUTAK ROCK LLP**

        s/ Richard A. Olmstead
        Richard A. Olmstead (KS # 19946)
        111 S. Whittier, Suite 110
        Wichita, Kansas 67207
        Telephone: 816-960-0090
        Facsimile: 816-960-0041
        Richard.olmstead@kutakrock.com

        And

        Todd C. Kinney
        (*pro hac vice* application forthcoming)
        Patrick C. Stephenson
        (*pro hac vice* application forthcoming)
        Carol A. Svolos
        (*pro hac vice* application forthcoming)
        The Omaha Building
        1650 Farnam Street
        Omaha, NE  68102-2186
        Telephone: (402) 346-6000
        Facsimile: (402) 346-1148
        todd.kinney@kutakrock.com
        patrick.stephenson@kutakrock.com
        carol.svolos@kutakrock.com

        *Attorneys for Hayden Catholic High School*